# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

**MIGUEL BRICENO, on his own behalf and on behalf of those similarly situated,**

    **Plaintiff,**   Case No.:

-vs-

**SHOIS RESTAURANT II, CORP. d/b/a BAKU ASIAN FUSION BAR BY SHOIS a Florida For Profit Corporation, and YRENE D. BRUNO DE ESCARAY, individually,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff MIGUEL BRICENO, on his own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby files this Complaint against the Defendants, SHOIS RESTAURANT II, CORP. d/b/a BAKU ASIAN FUSION BAR BY SHOIS ("BAKU") a Florida For Profit Corporation, and YRENE D. BRUNO DE ESCARAY ("ESCARAY"), individually (collectively the "Defendants"), for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:.

## INTRODUCTION

1. This is an action by the Plaintiff against his former employer for unpaid overtime wages and unlawful retaliation pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is intended to include each and every "mixologist" who worked for the Defendants at any time within the past three (3) years.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in Miami-Dade County, Florida.

## PARTIES

5. Plaintiff was an hourly paid employee ("mixologist") and performed related activities for Defendants in Miami-Dade County, Florida.

6. Defendant, BAKU, is a restaurant.

7. Defendant, ESCARAY, is the owner and President of the company.

8. At all times relevant to this action, Defendant, ESCARAY, was a resident of the State of Florida, who owned and operated BAKU, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of BAKU. By virtue of having

regularly exercised that authority on behalf of BAKU, ESCARAY (individual) is an employer as defined by 29 U.S.C. § 201, et seq.

## **FACTUAL ALLEGATIONS**

9. Plaintiff, and those similarly situated employees, worked as "mixologists" and performed related activities for Defendants in Miami-Dade County, Florida.

10. In this capacity, Plaintiff, and those similarly situated, earned an hourly rate for each hour worked.

11. Plaintiff worked for Defendants from approximately June 2021 to May 14, 2023.

12. Plaintiff, and other similarly situated employees, routinely worked in excess of forty (40) hours during each workweek.

13. Despite working more than forty (40) hours each workweek, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their regular rate of pay for *all* hours worked over forty in a workweek.

14. Plaintiff, and other similarly situated employees, were only paid 40 hours despite working in excess of 40 hours each workweek.

15. Plaintiff and those similarly situated were eligible for overtime provided they worked more than forty (40) hours per week.

16. As a result, Plaintiff and those similarly situated, should have received compensation at time and one half their regular rate of pay for all hours worked beyond the forty (40) hours in a workweek.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated, are in the possession and custody of Defendants.

## COVERAGE

18. At all material times relevant to this action (2020-2023), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

19. At all material times relevant to this action (2020-2023), Defendants made gross earnings of at least $500,000.00 annually.

20. At all material times relevant to this action (2020-2023), Defendants accepted payments from customers based on credit cards issued by out of state banks.

21. At all material times relevant to this action (2020-2023), Defendants routinely ordered materials or supplies from out of state. (i.e. food, drinks, restaurant supplies and equipment).

22. At all material times relevant to this action (2020-2023), Defendants had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. food, drinks, restaurant supplies and equipment).

23. At all material times relevant to this action (2020-2023), Defendants used U.S. mail to send and receive letters to and from other states.

24. At all times relevant to this action (2015-2018), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which

no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff and the class members performed the same or similar job duties as one another in that they provided mixologist services for Defendants.

26. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

27. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

28. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendant's failure to credit salary employees with all hours worked.

29. This policy or practice was applicable to Plaintiff and the class members.

30. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

31. Accordingly, the class members are properly defined as:

**All mixologists who worked for Defendant, BAKU, within the state of Florida within the last three years, who were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.**

32. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

33. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

35. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION
### VERSUS BAKU

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-6, 9-24 above.

37. Plaintiff and those similarly situated to him worked for Defendant at various times from 2020 to 2023 as mixologists for Defendant's businesses located in Florida.

38. Defendant, BAKU, is a corporation doing business in the State of Florida and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

39. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

40. Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

41. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to him, are in the possession and custody of Defendant.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, BAKU, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- RECOVERY OF OVERTIME COMPENSATION
### VERSUS, ESCARAY, INDIVIDUALLY.

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-5, 7-24 above.

43. Defendant, ESCARAY, is the President of Defendant BAKU.

44. Defendant, ESCARAY, is the acting manager who acted with direct control over the work, pay, and job duties of Plaintiff.

45. Defendant, ESCARAY, had the power to hire and fire Plaintiff.

46. Defendant, ESCARAY, supervised and controlled Plaintiff's work schedule or conditions of employment.

47. Defendant, ESCARAY, determined Plaintiff's rate and method of payment.

48. Defendant, ESCARAY, maintained employment records.

49. As such, Defendant, ESCARAY, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

50. Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this __3rd__ day of July, 2023.

Respectfully submitted,

s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com
Direct: 407-574-6339

Anthony J. Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff