UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22468-BLOOM/Torres

MIGUEL BRICENO, *on his
own behalf and on behalf of those
similarly situated*,

      Plaintiff,

v.

SHOIS RESTAURANT II, CORP.,
*d/b/a* BAKU ASIAN FUSION BAR
BY SHOIS, *a Florida for Profit
Corporation*, *and* YRENE D.
BRUNO DE ESCARAY, *individually*,

      Defendants.
_____/

## ORDER ON MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Miguel Briceno's ("Plaintiff") Motion for Entry of Default Final Judgment Against Defendant Shois Restaurant II, Corp. d/b/a Baku Asian Fusion Bar by Shois ("Defendant"), ECF No. [16] ("Motion"). Plaintiff seeks the entry of a Final Default Judgment against Defendant pursuant to Rule 55(b)(2). However, there are two defendants in this action. *See* ECF No. [1].

In an Order dated November 14, 2023, the Court ordered Plaintiff to file either a motion for default final judgment or a notice of joint liability. ECF No. [13] at 1-3. The Court explained that a motion for default judgment is appropriate only where there are no allegations of joint and several liability and no possibility of inconsistent liability between Defendants; otherwise, a notice of joint liability is appropriately filed. *Id.* The Motion does not set forth whether there are allegations of joint and several liability or any possibility of inconsistent liability. Nevertheless,

Case No. 23-cv-22468-BLOOM/Torres

the Court discerns the possibility of an inconsistent judgment in this case because Defendant Yrene D. Bruno de Escaray has not yet defaulted. *See* ECF No. [15] (requiring an answer to the Complaint). As such, the Motion is due to be denied. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (explaining that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant[.]"); *see also Mrs. All. Ins. Co. v. Brencorp, Inc.*, No. 4:15-cv-0140-HLM, 2016 WL 4582074, at *2 (N.D. Ga. Mar. 22, 2016) (denying a motion for default judgment because the defendants were "similarly situated[,]" the claims against the defendants arose from the "same set of facts and circumstances," and it was possible that granting a default judgment against one defendant could lead to "inconsistent results").

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Entry of Default Final Judgment Against Defendant Shois Restaurant II, Corp. d/b/a Baku Asian Fusion Bar by Shois ("Defendant"), **ECF No. [16]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record