UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22468-BLOOM/Torres

MIGUEL BRICENO, *on his own behalf and on behalf of those similarly situated*,

    Plaintiff,

v.

SHOIS RESTAURANT II, CORP., *d/b/a* BAKU ASIAN FUSION BAR BY SHOIS, *a Florida for Profit Corporation*, and YRENE D. BRUNO DE ESCARAY, *individually*,

    Defendants.
_____/

## ORDER ON MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

**THIS CAUSE** is before the Court upon Defendant Shois Restaurant II Corporation's ("Defendant") Renewed Motion to Set Aside Clerk's Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. ECF No. [22] ("Motion"). On November 14, 2023, the Clerk entered a default as to Defendant. ECF No. [12]. On December 1, 2023, Defendant filed the instant Motion. When Plaintiff Miguel Briceno ("Plaintiff") failed to file a response timely to the Motion, the Court ordered Plaintiff to file a response, if any, **no later than December 27, 2023**. ECF No. [24]. The Court cautioned Plaintiff that if he failed to file any response, the Court shall consider the merits of the Motion without the benefit of a response or responses, and that such failure may be deemed sufficient cause to grant the motion by default, *see* S.D. Fla. L.R. 7.1(c). *Id.* To date, Plaintiff has failed to file a response and did not request additional time in which to do so. Accordingly, the Court considered the Motion without the benefit of a response.

Case No. 23-cv-22468-BLOOM/Torres

Upon review, the Court finds Defendant has set forth good cause for the Court to set aside the entry of default. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (explaining that "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense" in determining whether a defendant has shown "good cause"). Here, the failure of Defendant to file their response timely to Plaintiff's Complaint was not the result of culpable or willful conduct. Instead, Defendant represents that it was under the impression that this matter was resolved in September of 2023 by way of the settlement agreement between the parties and the Department of Labor. ECF No. [22] at 4. In addition, this case is in the beginning stages of litigation, so Plaintiff will not be prejudiced by the Court setting aside the Clerk's entry of default. Lastly, Defendant has a meritorious defense considering that Defendant alleges that Plaintiff settled this matter back in September of 2023 and accepted payment pursuant to the settlement terms. *Id.* at 5.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Renewed Motion to Set Aside Clerk's Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. **ECF No. [22]**, is **GRANTED**.
2. The Court sets aside the Clerk's default entered against Defendant Shois Restaurant II Corporation.
3. Defendant shall file a responsive pleading **by January 11, 2024**.

Case No. 23-cv-22468-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record